## PHELPS BROS. & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. April 21, 1892.)

No. 606.

CUSTOMS DUTIES—ADDITIONAL DUTIES FOR UNDERVALUATION—LEMON BOXES.

Boxes containing lemons, which are treated in the tariff act as a duti-able entity by themselves, being subjected to a separate classification from the lemons they contain, are within the provision in Customs Ad-ministrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134 [U. S. Comp. St. 1901, p. 1892], for the undervaluation of "any article of imported mer-chandise," and, when undervalued, are subject to the penalties provided by said section.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 559 (T. D. 11,200), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

The merchandise consisted of lemons in boxes; the lemons being dutiable at a specific rate under one paragraph of the tariff act, and the boxes at an ad valorem rate under another paragraph. The value of the boxes being advanced by the local appraiser, the collector, besides imposing the regular duty on the lemons and the boxes, assessed on the boxes the additional duty provided by section 7, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 134 (U. S. Comp. St. 1901, p. 1892), for the undervaluation of "any article of imported merchandise." The importers protested against this additional assessment, claiming: "That the boxes alone are not articles of imported merchandise, but must be taken with their contents (without which they are not merchantable), as is the custom where goods pay an ad valorem duty instead of part specific, as in case of the lemons, and part ad valorem, as in the case of the boxes containing them."

The board overruled this contention on the ground that the boxes are treated by the tariff act "as a separate commodity or article of imported merchandise," and that "the same reasoning that led to the exaction of addi-tional duties on other articles of imported merchandise when undervalued applies with equal force to the imposition of such duties on the articles now under consideration."

In their application for review of the board's decision, the importers made the following assignment of error: "That the act provides a penalty for un-dervaluation of 'articles of imported merchandise,' and that the evidence given before the Board of General Appraisers showed that lemon boxes were not 'articles of imported merchandise,' were not imported as such, and were not of any value as such, but were merely containers of the lemons, and that the lemons, either alone or together with the boxes, were the 'articles of imported merchandise,' within the meaning of the statute; that if said col-lector had taken the declared value of the lemons together with the declared value of the lemon boxes, and compared them with the appraised value of both the lemons and the boxes, it would appear that there was not an under-valuation so great as to bring the consignment within the penalty clause of the statute."

Rochfort & Stayton (Thomas E. Rochfort, of counsel), for im-porters.

Charles D. Baker, Asst. U. S. Atty.

LACOMBE, Circuit Judge. In this case I think I shall have to affirm the decision of the Board of Appraisers.